UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

WILLIAM HOGGARD,                          )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )
                                          )   CASE NO.:  CV 09-587 BDB/LFG
THE CITY OF ARTESIA, a municipal          )
corporation; and CHIEF OF POLICE          )
DON RALEY, individually and in his        )
official capacity,                        )
                                          )
            Defendants.                   )
                                          )

## DEFENDANTS THE CITY OF ARTESIA'S AND CHIEF OF POLICE DON RALEY'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendants The City of Artesia and Chief of Police Don Raley (hereinafter "Defendants"), by and through their attorneys of record, HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P. (Richard E. Olson) and as and for their Answer to Plaintiff's Complaint would show this Court as follows:

1.      Paragraph 1 of Plaintiff's Complaint, titled "Introduction," appears to require no response.  To the extent a response is necessary, Defendants deny the allegations.

2.      Answering Paragraph 2 of Plaintiff's Complaint, Defendants admit that federal question jurisdiction exists in this case.  At this time, Defendants are without knowledge and information sufficient to form a belief about whether this Court has pendent jurisdiction over Plaintiff's state law claim, and therefore deny the same.

3.      Answering Paragraph 3 of Plaintiff's Complaint, Defendants admit Plaintiff exhausted the administrative remedies required by the Equal Employment Opportunity

Commission ("EEOC") and obtained a right to sue authorization from the EEOC. Defendants admit that Plaintiff's Complaint was timely filed under federal law. At this time, Defendants are without knowledge and information sufficient to form a belief about whether Plaintiff exhausted the administrative remedies required by the New Mexico Human Rights Act, and therefore deny the same.

4. Defendants admit the allegations in Paragraphs 4, 6, 7, 9, 10, 13, 15, 17, 21, 25, 26, 27, 28, 33, 35, 36, 38, 39, 47, 49, 50, 51, 52, 61, 69 and 75 of Plaintiff's Complaint.

5. Defendants are without knowledge and information sufficient to form a belief about the truth of the allegations in Paragraphs 5, 19, 20, 22, 23 and 31 of Plaintiff's Complaint, and therefore deny the same.

6. Answering Paragraphs 8, 60, 67 and 74 of Plaintiff's Complaint, Defendants reaffirm their answers to the allegations therein referenced.

7. Answering Paragraph 11 of Plaintiff's Complaint, Defendants deny that Plaintiff was a classified employee of the City of Artesia from July 3, 2006 to April 4, 2008. By way of a new matter, Defendants state that Plaintiff became a "Regular Employee" of the City of Artesia in July 2007 only after he completed the eleven (11) month probationary period and remained so until July 1, 2008.

8. Answering Paragraph 12 of Plaintiff's Complaint, Defendants admit that Plaintiff was hired as a police officer on July 3, 2006. Defendants deny that Plaintiff was promoted on or about August 18, 2008, and by way of a new matter, states that Plaintiff was promoted to the position of Deputy Chief for the City of Artesia on or about August 16, 2006.

2

9.     Answering Paragraph 14 of Plaintiff's Complaint, Defendants admit that Plaintiff disclosed, at the time of his hiring, that he had previously had a heart attack. Defendants admit that, at the time of Plaintiff's hiring, both Defendants' doctors and Plaintiff's doctors cleared him to work without limitations or accommodations. Defendants deny the remaining allegations of Paragraph 14 of Plaintiff's Complaint.

10.    Defendants deny the allegations in Paragraphs 16, 18, 42, 44, 45, 53, 55, 56, 57, 58, 59, 62, 63, 64, 65, 66, 70, 71, 72, 73, 76, 77, 78 and 79 of Plaintiff's Complaint.

11.    Answering Paragraph 24 of Plaintiff's Complaint, Defendants are without knowledge and belief as to whether Plaintiff was under the influence of alcohol when he called and therefore deny same.   Defendants admit the remaining allegations of Paragraph 24.

12.    Answering Paragraph 29 of Plaintiff's Complaint, Defendants admit an internal affairs investigation was instigated and deny the remaining allegations of Paragraph 29.

13.    Answering Paragraph 30 of Plaintiff's Complaint, Defendants admit that the internal affairs investigation of Plaintiff was contracted out to a third party due to the sensitive nature of the investigation and, in particular, the fact that the individual being investigated was the second in command of the Artesia Police Department. Defendants deny the remaining allegations of Paragraph 30 of Plaintiff's Complaint.

14.    Answering Paragraph 32 of Plaintiff's Complaint, Defendants admit the allegations in Paragraph 32 of Plaintiff's Complaint, and by way of a new matter, state

that Defendant Raley's letter also discussed Plaintiff's potentially inappropriate association with a summer intern.

15.     Answering Paragraph 34 of Plaintiff's Complaint, Defendants admit the allegations in the first sentence of Paragraph 34 of Plaintiff's Complaint. Defendants deny the remaining allegations of Paragraph 34 of Plaintiff's Complaint.

16.     Answering Paragraph 37 of Plaintiff's Complaint, Defendants admit that the termination hearing would take place before the Artesia City Counsel sitting as the personnel board. Defendants deny the allegations in Paragraph 37 as to the date of the termination hearing. By way of a new matter, Defendants state that the hearing was originally scheduled for April 29, 2008. Plaintiff retained counsel and the termination hearing was rescheduled to May 22, 2008 in order to address scheduling issues with Plaintiff's counsel. The termination hearing commenced at approximately 6:00 p.m. on May 22, 2008. As a result of the amount of testimony and length of cross-examination, the hearing was unable to be concluded on May 22, 2008. The continuation of the termination hearing was scheduled for July 1, 2008, but Plaintiff and his counsel failed to attend.

17.     Answering Paragraph 40 of Plaintiff's Complaint, Defendants admit that in an interview with former City Councilman Glenn Kaiser during the internal affairs investigation, Mr. Kaiser stated "I don't, can't speak for the whole council I don't ever intend to put [Plaintiff] back in a uniform in Artesia New Mexico ever for any reason because of things that happened in the past." By way of new matter, Defendants state that Mr. Kaiser's statement is irrelevant to Plaintiff's claims in this case as Mr. Kaiser was no longer on the City Council at the time of Plaintiff's termination hearing.

18.     Answering Paragraph 41 of Plaintiff's Complaint, Defendants admit that it prosecuted Plaintiff's termination hearing through the City's contract attorney. Defendants deny the remaining allegations of Paragraph 41 of Plaintiff's Complaint.

19.     Answering Paragraph 43 of Plaintiff's Complaint, Defendants admit that the City Council allowed the termination hearing on May 22, 2008 to proceed over the objection of Plaintiff's counsel.  Defendants deny the remaining allegations in Paragraph 43.

20.     Answering Paragraph 46 of Plaintiff's Complaint, Defendants admit that Plaintiff's counsel inquired about the extent of the City's subpoena power in order to get a subpoena for the former city councilman and his daughter.  Defendants admit the City attorney stated that the City Council had no subpoena power under the City's ordinances.  Plaintiff's counsel responded by stating he would "look into" the state laws and Rules of Civil Procedure.  Therefore, Defendants deny the City Council denied any formal request from Plaintiff's counsel.

21.     Answering Paragraph 48 of Plaintiff's Complaint, Defendants admit the City attorney objected to Plaintiff's counsel's question of whether it was the Human Resources director's opinion that, under ADA guidelines, Plaintiff had a disability. Defendants admit that the City attorney instructed the director to not answer the question and that the City Council sustained the City attorney's objection.  Defendants deny the remaining allegations in Paragraph 48 of Plaintiff's Complaint.

22.     The allegations in Paragraph 54 of Plaintiff's Complaint appear to constitute a legal conclusion to which no response is required.   To the extent a response is required, Defendants deny the allegations.

5

23.     Answering Paragraph 68 of Plaintiff's Complaint, Defendants admit they were aware that, at the time Plaintiff was hired, Plaintiff had previously suffered a heart attack. Defendants were aware of no other medical or emotional issues prior to the medical and emotional problems that occurred on September 15-17, 2007 and therefore deny the same.

24.     Paragraph 80 of Plaintiff's Complaint appears to require no response. To the extent a response is necessary, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks supplemental jurisdiction over Plaintiff's state law claim under the New Mexico Human Rights Act (NMHRA) because Plaintiff failed to exhaust New Mexico state law remedies under the NMHRA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was afforded an appropriate and adequate level of due process.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff waived his claim for a violation of procedural and substantive due process by failing to attend the July 1, 2008 continuance of his termination hearing.

### FIFTH AFFIRMATIVE DEFENSE

Defendants lawfully discharged Plaintiff for good cause.

6

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants had a legitimate, nondiscriminatory reason for terminating Plaintiff's employment.

## EIGHTH AFFIRMATIVE DEFENSE

Even assuming any arguable due process violation, had Plaintiff received all process allegedly due, the same result would have obtained.

## NINTH AFFIRMATIVE DEFENSE

Even assuming any arguable ADA violation, upon information and belief, Plaintiff was or would pose a direct threat to the health or safety of other individuals in the work place.

## TENTH AFFIRMATIVE DEFENSE

Defendant Don Raley is entitled to qualified immunity.

WHEREFORE, having wholly answered Plaintiff's Complaint, Defendants pray that the same be dismissed with prejudice, and Defendants be awarded for their costs and attorney's fees herein incurred, and for such other and further relief as the Court deems just and proper.

HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.

By:
Richard E. Olson
Post Office Box 10
Roswell, NM 88202-0010

(575) 622-6510
(575) 623-9332 (fax)

Attorneys for Defendants The City of Artesia and
Chief of Police Don Raley

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of September, 2009, a true and correct copy

of DEFENDANTS THE CITY OF ARTESIA'S AND CHIEF OF POLICE DON RALEY'S

ANSWER TO PLAINTIFF'S COMPLAINT, along with a copy of this Certificate of

Service was sent via U.S. Mail, postage prepaid, to the following:

J. Robert Beauvais
J. Robert Beauvais, P.A.
P.O. Box 2408
Ruidoso, NM 88345
Tel: (575) 257-6321

Counsel for Plaintiff William Hoggard

HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.

By:
Richard E. Olson
Attorneys for the City of Artesia and Chief of Police Don
Raley

8